UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>AUGUSTUS "BOBO" KORMAH,<br><br>Defendant | Criminal No.<br><br>Violations:<br><br><u>Counts One and Two</u>: Wire Fraud; Aiding and Abetting<br>(18 U.S.C. §§1343 and 2)<br><br><u>Forfeiture Allegation</u>:<br>(18 U.S.C. § 981(a)(1)(C) and<br>28 U.S.C. § 2461) |

INFORMATION

At all times relevant to this Information:

General Allegations

1. The defendant AUGUSTUS "BOBO" KORMAH was a resident of Worcester, Massachusetts.

Overview of Unemployment Assistance Programs

2. On March 27, 2020, in response to the COVID-19 Pandemic, former President Trump signed into law an economic stimulus bill called the Coronavirus Aid, Relief and Economic Security Act (the "CARES Act"). One of the significant elements of the CARES Act was the provision of approximately $260 billion for state unemployment insurance ("UI") programs.

3. The CARES Act expanded states' ability to provide UI for many workers impacted by COVID-19, including for workers who were not ordinarily eligible for UI benefits. The CARES Act provided for new UI programs, including Pandemic Unemployment Assistance ("PUA") and Federal Pandemic Unemployment Compensation ("FPUC").

4. The first program, PUA, provided for up to 39 weeks of benefits to individuals who were self-employed, seeking part-time employment, or otherwise would not qualify for regular UI or extended benefits under state or federal law or PEUC. Persons eligible to receive PUA could apply for the benefits for periods that they were unemployed, beginning on or after January 27, 2020 through on or about December 31, 2020.

5. The second program, FPUC, provided individuals who were collecting regular UI, PEUC, PUA, and several other forms of unemployment benefits with an additional $600 per week. The eligible timeframe to receive FPUC was from weeks of unemployment beginning after the respective state had an established agreement with the federal government through July 31, 2020. The earliest date of eligibility was April 5, 2020. On August 8, 2020, after FPUC expired, former President Trump signed a Presidential Memorandum authorizing the Federal Emergency Management Agency to use disaster relief funds to provide supplemental payments for lost wages. The "Lost Wages Assistance Program" ("LWAP") served as a temporary measure to provide an additional $300 per week via a total of $44 billion in FEMA funds. The period of assistance for LWAP was August 1, 2020, to December 27, 2020.

## Overview of Small Business Administration Loans

6. The United States Small Business Administration (the "SBA") is a federal agency that provides counseling, capital and contracting expertise to small businesses.

7. Because of the COVID-19 Pandemic, the SBA established certain economic relief programs for small businesses. One such program was called the "COVID-19 Economic Injury Disaster Loan" ("EIDL"). The EIDL program provided economic relief to small businesses and nonprofit organizations that were currently experiencing a temporary loss of revenue by providing

loans to these small businesses.

## Scheme to Defraud

8.  Between approximately May 2020 and approximately October 2020, KORMAH schemed to defraud by submitting false unemployment assistance claims and false EIDL applications.

9.  KORMAH used personal information of others to fraudulently apply for unemployment assistance and EIDL funding, provided false statements on applications, caused interstate wire communications in furtherance of his scheme to defraud and to misappropriate the unemployment assistance and loan funds for his personal use and benefit.

## COUNT ONE
## Wire Fraud; Aiding and Abetting
## (18 U.S.C. §§ 1343 and 2)

10. The United States Attorney re-alleges and incorporates by reference paragraphs 1-5 and 8-9 of this Information.

11. On or about May 18, 2020, in the District of Massachusetts, and elsewhere, the defendant,

AUGUSTUS "BOBO" KORMAH,

having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing the scheme to defraud, to wit: the submission of a fraudulent application for unemployment assistance to the Commonwealth of Massachusetts.

All in violation of Title 18, United State Code, Sections 1343 and 2.

## COUNT TWO
Wire Fraud; Aiding and Abetting
(18 U.S.C. §§ 1343 and 2)

12. The United States Attorney re-alleges and incorporates by reference paragraphs 1 and 6-9 of this Information.

13. On or about July 15, 2020, in the District of Massachusetts, and elsewhere, the defendant,

AUGUSTUS "BOBO" KORMAH,

having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing the scheme to defraud, to wit: the submission of a fraudulent application for EIDL funding.

All in violation of Title 18, United State Code, Sections 1343 and 2.

## FORFEITURE ALLEGATION
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

14. Upon conviction of one or more of the offenses in violation of 18 U.S.C. §§ 1343 and 2, as set forth in Counts One and Two, the defendant,

AUGUSTUS "BOBO" KORMAH,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.

15. If any of the property described in Paragraph 14, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 14 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

JOSHUA S. LEVY
ACTING UNITED STATES ATTORNEY

_____
Danial E. Bennett
Assistant United States Attorney